who has   few weeks in the oh morning they please support the district court erred in two respects first the district court erred by finding failing to recognize consistent with congressional intent that an inter-parties re-examination is a contested case in which the adverse parties have access to subpoenas under section twenty four no court has ever held that the right to subpoena may be abolished entirely in an adversarial administrative proceeding indeed because appeals and inter-parties re-examinations proceed directly from the patent office to this court the court is his only opportunity to have Abbott's objective indicia evidence considered is by way of a section twenty four subpoena now the PTO doesn't call this contested right? that's correct your honor what deference should we give to their reading of their own statute as to what is a contested case? your honor on that issue the PTO has not because they don't administer section twenty four that's one reason your honor correct in fact that's the main reason the problem with that it seems to me as you look back at the history of this twenty three and twenty four came into the statute at the same time they seem to be related the circuit decisions before the creation of this court particularly the fifth circuit decision in brown seem to suggest that the purpose of twenty four is to allow for subpoenas in situations in which the PTO would authorize the receipt of the evidence that was subpoenaed if we follow brown you lose right? I don't know that we lose your honor there's a distinction drawn in the cases between subpoenas issued for purposes of discovery and those issued for purposes of entry of evidence into the proceeding and I believe the cases recognize that even the ones defined as you mentioned uh... the interplay between section twenty three and twenty four there definitely is interplay but it's not the case that section twenty four provides for subpoenas only where provided by section twenty three how do I know that? uh... your honor that's you would know that because section twenty three says that the PTO may provide rules for the entry of affidavits whereas here the PTO has not exercised its right to do that section twenty four controls and section twenty four provides in very clear terms that a party such as Quartus has the opportunity to go to the district court and seek that information here you know section twenty three is permissive so there certainly is an interplay between the two but twenty four is not dependent on twenty three as here patent office hasn't exercised its authority to promulgate rules we're looking at the term contested case what you're saying is a contested case is something decided before examiners not judges it's something where there's no discovery there's no cross-examination there's no filing of motions it's an administrative proceeding at a an examiner level why is that a contested case? well it can be a contested case your honor where certain other things are present the key features of a contested case is the presence of an adversary and the opportunity for both parties that adversary included to introduce argument and evidence throughout the proceeding and that's met here there might be circumstances when I think of case I tend to think of something more in a judicial setting am I misconstruing that term case? judicial settings can of course be contested cases but it's not the situation that a judicial judicial setting is the only setting in which you can have a contested case I tend to call this a proceeding or an administrative action would I call it a case? I believe so your honor I believe it's a case and it's a contested one in the sense that there are adversaries who have the opportunity throughout the proceeding and to the same extent to introduce both argument and evidence here for example Abbott had the opportunity to come in initially with its arguments for why the patent should be found obvious and they came in with argument and evidence Cordes came in with its argument and evidence and Abbott had the opportunity to reload to take a look at what Cordes had said and put in further arguments and in fact further evidence in the form of a declaration is the prosecution of a patent application is that a case? it's a case but not a contested one your honor well isn't a re-examination going back and and looking again or examining new and existing claims isn't it another form of a prosecution of a patent application? it can be your honor ex parte re-examination isn't that what re-examination is? well there are two types of re-examination your honor where you have an ex parte re-examination that's not contested because there isn't an adversary present who has the opportunity throughout the proceeding to introduce argument and evidence  but after that it's solely the patent owner having interplay with the patent office we don't have the key picture of an adversary I know that you've called it a proceeding and not a case which is kind of back to my point well your honor that issue may be a semantic one but it's the semantics in this case are the words of the statute so we have to follow it that's true your honor I think it is a case I did use the term proceeding I think case applies equally I think the key word here though is contested and what we have in an inter partes re-examination in contrast to an ex parte re-examination is a contested case where you have an adversary having the opportunity to present argument and evidence and as I mentioned there has never been a case holding that the right to subpoena in an adverse administrative proceeding can be abolished entirely and that's what's being sought here how would this case come out if we were under the new statute let's say in a post-grant review proceeding and the PTO adopts rules that limit the discovery that's available I'm sorry your honor and the PTO has adopted rules which limit the discovery could you under 24 under the new statute go into district court and say we're entitled to more in the way of a subpoena than the PTO has allowed us under its rule your honor I believe under the current rules for inter partes review and for post-grant review that procedure would be such it's stipulated in rules unlike our situation that the parties need to seek approval of the PTO for proceeding under section 24 so you couldn't go into district court under 24 unless the PTO had authorized it that's correct unless there was a challenge under the EPA your honor well how's that different from this then since there's no PTO authorization here there's no PTO rule requiring authorization your honor that's the difference that's one difference your honor correct well what's the other difference well I guess there are a whole host of rules that the PTO has applied in that situation for inter partes reviews that are present here that's probably the most salient one is that at the time we served the subpoenas the only legal authority on point was section 24 and neither section 24 nor any rule required us to do anything in the way of seeking PTO authorization but the rules seem to bar subpoenas under these circumstances because the rules define this as not being a contested case well that's the key issue whether they the rules are silent on this point the rules say that this is not a contested case and therefore the PTO's rules do not apply it's an open question to be decided by this court as to whether section 24 where the PTO hasn't exercised its authority under section 23 to promulgate rules nonetheless consistent with congressional intent enables a party to seek subpoenas and introduce evidence into the record I'm confused because it seems to me that the agency has promulgated rules that say you can't get a subpoena under these circumstances because they've said this is not a contested case well your honor to be clear well your honor in that respect they promulgated a rule that's inconsistent with the statute in finding that this is not a contested case it gets to the deference issue the question is whether or not the PTO's view that this is not a contested case is entitled to deference whether they were correct on that point that's one of the central issues to this appeal and on that point they are wrong they are entitled to no deference all the historical indicators of what constitutes a contested case in section 24 and its predecessor were enacted indicate that parties to an administrative procedure that has an adversarial aspect like this one are entitled to subpoenas for entry of evidence into the record there's distinction drawn and they're not entitled to discovery that is seeking information merely to seek more information that may be introduced into the record there's a distinction drawn on that point but it is the case that in the administrative setting parties such as courtists are entitled to subpoenas if we find that a re-examination is a contested case does that change our standard of review at all? I don't believe so, your honor I believe that pursuant to Garzai I believe the standard for review for cases that have a complete record and again, this is the issue we're seeking is to have a complete record if there's ever a further appeal of this matter where there's a complete record per Garzai and also in Ray Lee there's substantial deference substantial evidence test for review and I don't believe that changes depending on the ruling here I say that my time I'm in my reserved time so You may reserve the rest of your time if you'd like Thank you Mr. Morin Thank you, your honor and may it please the court The district court properly quashed courtists' subpoenas for at least two reasons First, the inter partes re-examination statute and 35 U.S.C. 314A in particular does not permit discovery Second, re-examinations are not contested cases under 35 U.S.C. 24 and these separate reasons for affirmance stem from one basic factor, your honor as the name re-examination would suggest inter partes re-examinations are examinational rather than adjudicative proceedings which are conducted in front of staff examiners rather than in front of ALJs which are closely modeled after initial examination procedures Turning first to the section 314A argument Congress specifically modeled re-examination closely after initial examination They provide in the statute that except as otherwise provided in this section re-examination shall be conducted according to the procedures established for initial examination under the procedures of section 132 referring to the procedures followed at the PTO it doesn't seem to be addressing the question of section 24 Oh, it's not directly addressing in that portion of the inter partes re-examination statute, your honor section 24 What it is doing is setting up the process that Congress mandated when it set up the re-examination process which is the procedures except as we otherwise provide by statute shall mirror the procedures for initial examination that is why it's a re-examination and if there were any questions from the plain language This is a contested proceeding though you have responses whatever is served on the office has to be served on the other party you have appeal rights you have arguments made back and forth Well, first of all, I would disagree strongly that it's a contested case as that term is used in section 24 that's a term of art which is the Supreme Court's caution can't just be derived down to it's plain and ordinary generalist type of meeting So you agree that the generalist meeting would favor an interpretation that it would cover an inter partes re-examination I actually don't agree with that either I think in general terms you wouldn't call this a case you'd call it a proceeding and in general terms while there is an element if you were to ask someone without any knowledge of the legislative history of the statute is there some type of a contest going on maybe you would get the answer being yes to the if you removed it from the terms of the statute but the same answer would apply equally to an ex parte re-examination which nobody suggests is a contested case in ex parte re-examination In many administrative actions we have rights to gain subpoenas Why is this different? Oh it's very different First of all it's an examinational proceeding and there has never been a case that has found that discovery is required under due process for example in an administrative proceeding Now while they like to try a distinction between here's what happened in their opening brief they said It's not a question probably not a question of due process constitutional issue as much as it is as Chief Judge Rader suggested sort of against the background of normal administrative practice and we have to construe the statute in the light of what's done generally in an administrative proceeding And if we do that I would In an administrative proceeding where there are opposing parties you know in general if it's evidentiary in nature one party can cross examine or depose the other side's experts or witnesses First of all I would say that's not necessarily correct but second of all I would say more to the point that Congress has spoken specifically to this issue In section 314A just like they did in the ex parte examination statute they chose to model the process after initial examination which does not allow for that type of discovery of cross examination Look as Judge Rader noted in the last appeal It's modeled after the initial examination but there's an important difference here right? You have a third party who's contesting a patent who's challenging the very basis of the patent and is submitting evidence and is submitting arguments That applies equally to ex parte re-examination Your Honor which nobody contends with in the contested case. It applies equally The situation that Cordes' counsel posited up here in his opening statements Your Honor was that this is a contested case he said because when I tracked it there was a situation where as an adversary he said Abbott was submitting evidence and argument in support of their arguments and that could respond to their evidence That happens in ex parte re-examination I can initiate an ex parte re-examination I'm certainly in some vague way contesting the validity of the claims of the patent if they put in a patent owner's statement under the statute I have the right to submit evidence and argument to respond to that but that's not how the process was set up If there were any question, which I think there is not If there were any question about what congressional intent were, it was answered here. Judge Dyke referred to the new AIA the inter-parties review process and as we cite in our brief and as the record reflects, when Congress enacted the AIA in 2011 they specifically changed the process and the legislative history reflects this and they said they were quote converting it from an examinational proceeding to an adjudicative proceeding and part of doing that was sending it to judges rather than examiners and most importantly, part of doing that specifically, the Congress said this, was that one of the changes that they were making to inter-parties re-examination was that they were adding discovery limited discovery, mind you, but that they were adding discovery. That was a change that was deemed an improvement If it were there all along, if it were there by statute all along, that wouldn't be a change That would be a non sequitur, but they specifically recognized it as a difference and when they did that, they felt like they had to send it instead of to examiners, to ALJs in that circumstance. And by the way this notion that there's a difference some kind of distinction between what they're looking for that is just subpoenas and discovery that's first of all belied by this absence of any support for that in the case law. The best they have is a passing reference to that Interborough case that makes some vague distinction and doesn't turn on that and it's certainly belied by what Congress said In 2011 when Congress added the ability to cross-examine experts in the AIA what's that under? It's under the caption of discovery. In other words, Congress says that the ability, for example, to cross-examine the declarant is discovery and again, that's something that they said specifically was a change over what had come before. So, we think that based on all the legislative history, based on the PTO's consistent interpretation of this based on them going to Congress in 2004 and saying, Congress, people aren't using inter-parties re-examination because there's not discovery allowed. And Congress's reaction, which was not to just say, hey, why don't you just have some discovery but to change the process radically to being one of adjudication, which is the hallmark of a contested case rather than examination, that speaks volumes about the fact that and confirms the plain language of the statute that no subpoenas were allowed at inter-parties re-examination in the first place. Turning to the second reason, and I must stress the following. Any discussion of Section 24 in the legislative history? Not of 314A, Your Honor. Not to my knowledge. Of the AIA? Of the AIA, well, there is some discussion that in inter-parties review, in the comments, in the rules and regulations, Your Honor, in the comments they recognize, unlike what they had ever done before in inter-parties. I'm talking about the legislative history. Pardon, Your Honor? The legislative history of the AIA. Does it discuss Section 24? Not specifically, Your Honor. It does discuss the unavailability of discovery subpoenas and the such, but it doesn't refer to Section 24. But they didn't amend Section 24? They did not amend Section 24, Your Honor. Are you arguing that because the AIA included discovery, permits discovery, that necessarily means that discovery was not available before? I would say that in and of itself would be a telling sign, but not dispositive. What's dispositive is that when Congress did so, they specifically called it in the House report an improvement and a difference, and they specifically said it was a transformation from being an examinational proceeding to being an adjudicative proceeding. So the fact that they included is certainly telling, given that it wasn't included in 314A and given that 314A was modeled after initial examination, but what ends up being dispositive there beyond the plain language of the statute is Congress saying, hey, here is a difference between what was available before. That doesn't leave much room for debate. To my knowledge, that hasn't really even been answered. Section 24 applies to patent and trademark cases. That's correct, Your Honor. That's absolutely correct, Your Honor. And as Judge Dyke pointed out, Section 24 traces its roots back 150 years. But there's no change in the trademark aspect of this. There's not, Your Honor. I don't think this affects any of the trademark cases. The trademark cases that utilize these procedures, by the way, are cases that are in front of administrative law judges, where one party files the case against the other, that that party, for example, can drop the case Is there a different rule for trademarks then? Well, they have promulgated rules at the PTO. This goes to Judge Dyke's point. Is a trademark proceeding then a contested case? Not all trademark proceedings are contested cases, but trademark proceedings that allow discovery such as opposition type of proceedings are absolutely contested cases and they have the hallmarks of contested cases. They look like litigation. So the potential for discovery exists. That makes it a contested case? Not in and of itself I wouldn't say. I would say the Court has formulated the test fairly properly in its initial briefings before the lower court, which was, does it bear the hallmarks of traditional litigation? One pretty good hallmark of traditional litigation is, are you in front of a staff examiner who has no legal training, or in front of a judge, for example? In the trademark context, those cases are specifically set up to be in front of judges, have the motions practiced, have the cross-examination, have those trappings of litigation. This is a situation where we don't have to divine Congress' intent. Congress has said, hold it like an initial examination, except for as we specifically provide here in this section, and that leaves really no question about what it is. And again, turning to the second reason that this Court's decision should be affirmed, it's Section 24 in and of itself. Again, contested case is a term of art with a long historical pedigree, Your Honors. That hurts you, doesn't it? It helps us very much, Your Honor, I think. The historical pedigree of contested case shows us, and we agree with Cordes' formulation, that it's not just some blasé use of the terms, that it's a term of art that refers to cases with a hallmark of litigation. Here we have dead opposites. Where do we find that? We find that, for example, when you go to the 1861 legislative history, with the sponsoring of a congressman indicating that this was meant to refer to litigants in litigation, we see it referred to in the types of cases that have been treated as contested cases over the years. And we see that this is not a contested case when you look, for example, to the floor statements when the Interparties Reexamination Statute was passed in the first place, where Congress was saying they did not intend to turn this process into one resembling litigation, the opposite of the test that's been espoused that we agree with from Portis. As Representative Rohrabacher said, all you do in Interparties Reexamination is give a reexam requester the option to further explain why a particular patent should not have been granted. In every real sense, this is returning to initial examination. All that's the difference is that unlike an ex parte reexamination, where in the general sense there may be a contest, here there's some additional opportunities for the requester. Suppose the PTO had said, instead of saying these are not contested cases, that it said these are contested cases and allowed discovery. Would that be a permissible interpretation of the statute? A, I would believe it would not be a permissible interpretation of the statute because we think that it's very well established that a contested case is something that bears the hallmarks of litigation, but B, it wouldn't matter for two reasons. Reason number one would be that as we point out in our briefs, and there's not any contest over this, that in the event that there is a more specific and a more specific statute must control, here we have a statute specifically addressing the procedures for inter partes reexamination. That's 314A. If there were a conflict, it would win out after section 24. Again, we think there's no such conflict. And the second reason is, as Your Honor pointed out, and we agree with based on Sheehan, based on the legislative history of 23 and 24 being together, if the PTO has not in Brown, if the PTO has not authorized the discovery, it's a non-starter in the first place, even if it is a contested case. I see I'm well out of my time. Actually, you've consumed your rebuttal time too, Mr. Moore. Thank you very much. Thank you, Mr. Chaffetz. Hi, good morning. May it please the Court, Samantha Chaffetz on behalf of the United States as amicus in support of that pele in this case. I think the place to start is perhaps with the arguments that Cordes has advanced this morning. They get matters backwards here, and the oral argument this morning has highlighted that in a number of respects. They're really pushing for what is, at bottom, an anomalous result, asking this court to rule that PTO was required to authorize discovery in inter partes re-examinations. Does it have the authority to authorize discovery? PTO has broad authority over the conduct of its proceedings. What we know here is that PTO has never understood the scheme created by Congress. Is that a yes? I think the answer is that PTO has never understood itself to have that authority here. Is that a no? I thought that was a yes. Congress has created the inter partes re-examination scheme, modeled on, as we know, ex parte re-examination and initial examination. Let's go back. Do they have the authority to order discovery or not? They've certainly never exercised the authority if they have it. What do you argue? On behalf of the U.S. government. They do have authority? They have broad authority under Sections 23 of 35 U.S.C. to make rules about taking testimony and depositions. As your Honor, as Judge Sagan noted earlier... Could they authorize discovery under Section 24 in inter partes re-examination proceedings? Possibly. That's certainly never been the case. If they were to have done it, though, this is how it might have happened, right? Section 23 gives them broad authority to make rules about taking of testimony. When you've got two parties in front of PTO, certainly if we had an initial examination rule that somehow facilitated the taking of depositions from third parties not involved in the initial examination, then consistent with the inter partes re-examination statute, I'm referring to 314A, you can certainly imagine a world in which obviously here, too, we would have rules providing for that kind of discovery. But we don't for very good reasons. PTO doesn't make rules about taking depositions or obtaining testimony without looking at what scheme Congress has put in place. And looking at the inter partes re-examination scheme, PTO has always understood that it wasn't meant to include discovery. That Congress was creating a re-examination scheme, an examinational scheme, in the model of initial examinations, looking just like ex parte re-examinations, and that discovery has never been part of that. So the way in which I think Cordes gets matters backwards is that Cordes comes before this court today and suggests that because PTO has never authorized discovery in any kind of examinational proceeding, initial or re-examination, that they therefore ought to be able to obtain it automatically. Well, there's good reason that we have not only not made such rules available, but actually here expressly declined to do so and said that it's not available. The motion to quash in a district court, I'm trying to figure out why we're spending so much time on the rules of the PTO. Well, as Judge Dyke noted, Section 24, when it was introduced more than 150 years ago, was part of Section 1 of the Patent Act of 1861. It was part of a single provision that began by giving the Patent Office broad authority to make rules about the taking of depositions, affidavits, etc., and then went on to provide ancillary jurisdiction in the district court to give teeth. But why do you feel so compelled to be here? What do you have at stake? Well, we certainly don't want to see discovery be authorized, but we're looking for... But there's nobody authorizing discovery with this action. We're not in any sense... No one's moved to authorize discovery at the Patent Office. No one's challenging your rules. This is a motion to quash at a district court. Why am I listening to the PTO? Well, there's two things at issue here, right? The reason that there should be no subpoenas granted by the district court, number one... Well, that argument was made by Mr. Moore. Why do I need to hear you on this? Well, for what that reason is. So, Brown and Sheehan got it right. You can't get a subpoena... You don't trust him to make the argument that you feel like you need to somehow defend something that's not at stake? No, no. I think he got it absolutely right. You can't get that subpoena unless PTO has authorized it. I'm trying to figure out why you feel threatened here. Well, if you could go to district court and get a subpoena that PTO hasn't authorized, contrary to Sheehan, contrary to Brown, if you could do what Cordes has suggested today, which is disregard the fact that PTO has not provided for discovery in cases like this, short-circuit that and go to the district court and get the relief you want, that would be problematic for PTO because then, in effect, you would be forcing PTO to provide in its proceedings a space for that discovery to take place. But you were talking to us a moment about your rule-making authority and we might have a record on that if this were an APA proceeding challenging your rules. We don't have a record on that, so you're talking kind of beyond our record. You're just... Well, on that particular... I'm still struggling to figure out why you think you need to be here. So on the particular reason of bringing up our rule-making authority, there I was only looking to respond to Judge Rayna's question. But you responded by going beyond the record in this case, right? We don't have a record of APA rule-making challenges or any record of what the APA is at stake at all. Absolutely, Your Honor. The reason I was going beyond what at issue in this case is because the question went beyond. The question was whether PTO could have had authority or does have authority to do that which it did not do. This case is not about whether or not PTO could have... I guess you get the point. I'm saying that the reason you're having to go beyond the record is because you shouldn't be here. Well, I think there's two reasons that we have something worth saying before this Court today. So one is a concern about properly decided, I think this case could be decided without our presence. Our concern is that the result that Cordes is looking for would certainly implicate our interest. And so the case is not about whether or not there was any statutory bar to PTO exercising its broad rule-making authority if it had chosen to do so and if it had thought it appropriate to do so. But the reality is, contrary to that hypothetical question that we began with, the PTO has never thought that it would have been appropriate, consistent, that is, with the scheme that Congress thought to create in 1999. But it's immaterial whether the PTO has decided or has not exercised any type of authority to establish rules if in fact it has no authority. Isn't that why you're here? I thought you were here because you're here to argue there is no authority. We're here certainly to say, look, regardless of what could have been done under broader authority that PTO has over the context of the scheme, if it exercised that... If everything you're saying to me is correct, why do we have jurisdiction? Why don't we just wait for the APA case, which has been placed on hold while we're waiting for this motion to quash to come out of the way? You're addressing the other case, aren't you? And if the other case were before us, I would expect you to argue first and Mr. Moran to sit over there and talk, but I'm not even sure why you're here when the APA case isn't before us. We're here as amicus. We're not a party to this case. Yes, you're arguing the other case, but the other case isn't before us. And the other case is implicated here insofar as the decision... It's not before us. It's absolutely not before you, Your Honor, but it's implicated because the holding of this court... Does this case have any significance? Does this case have any significance for any other case? I mean... Absolutely. Why does it have significance? Because my understanding is that inter partes reexamination as it used to exist is eliminated. And the new PTO rules and the new statute present a different question. Why do... Apart from resolving this particular case, what significance does this have? Well, we have over a thousand cases that are still pending under the old inter partes reexamination proceedings. And when Congress passed the AIA, they only made the inter partes review, which is very significant here for all of the reasons that my colleague, Counsel for Abbott talked about, only made it applicable prospectively. Now, at the time that they did it, it's also interesting to note in passing the AIA, they not only created inter partes review prospectively, which of course creates the, what they called in the House report, the improvement of providing for discovery that they described as moving from the old examinational system to the new adjudicative system. All things my colleague discussed. They also actually made some amendments to the old inter partes reexamination statute. They changed the standard for the initial determination by PTO as to whether to undertake reexamination. So they were certainly involved in the old inter partes reexamination provision. So their understanding of what those provisions provide for what's involved in inter partes reexamination is obviously extremely relevant. They clearly knew that PTO did not authorize discovery and did not think discovery was appropriate. They could have made changes had they thought so. They did not. But under that old scheme, the old scheme remains in effect for the cases for petitions filed up until September 16, 2012. So we've got about a thousand or over a thousand cases pending. In this case, no one else has sought discovery, but obviously if this panel were to say that parties to reexamination proceedings can go into district courts despite the fact that PTO has said in the PTO decision at issue in the Eastern District of Virginia that they ought not to be able to obtain relief under Section 24, nonetheless that they can, that obviously has implications for PTO. Its allocation of resources is more than a thousand cases. It will delay the resolution of these cases. Absolutely. It also would raise questions about ex parte reexamination, which is not eliminated under the American Invents Act. One of the fundamental How could it do that? How could an ex parte reexamination be a contested case? One of the fundamental difficulties with Cordes' case is that their definition, if accepted, does seem to encompass ex parte reexaminations, as absurd as that sounds. It does sound absurd. Right, but that is the definition they've offered. They've come before the court. Their brief says, look, it's whenever you have a party contesting the position that another party has taken. That's what you find in ex parte reexaminations, just as much as in inter partes reexamination. And that, all of this speaks to why we're here as amicus, not as a party to this case, but with concerns about what the implications of this court's ruling would be. It would, Cordes is asking for the truly anomalous holding that PTO Your red light's been on for some time, Ms. Heifetz. Let me just offer up the rest of that final sentence, if that is okay. That PTO was required by Congress to provide for, to allow discovery, and that that discovery can be obtained in district courts, notwithstanding the fact that PTO has always exercised its authority and its discretion and its interpretation of the statutory scheme to understand the opposite results should obtain. Thank the court for its time. Mr. Luthi? Yes, Your Honor. One thing I think needs to be cleared in the record, and I can certainly understand why both of my opponents referred to the term discovery as much as they did, and tried to paint all the parade of horribles that would be, supposedly would come into being if discovery were in place. We are not seeking discovery. As I mentioned, there's a long line of cases drawing a distinction in administrative context between subpoenas sought for purposes of discovery and those seeking the introduction of evidence into the record. We are not seeking discovery. What is a subpoena? Isn't that discovery? Not in this context, Your Honor. No, it isn't. There's the cases NLRB versus Interborough, Sheehan versus Doyle, and a number of other cases in the record draw a distinction between subpoenas, which are for subpoenas for the entry of evidence into the record. That's a well-established distinction. In this case, looking back, as Your Honor, Judge Steich mentioned, legislative history is important. Looking back at 1861 and the procedures that were in place in terms of litigation and in the PTO at that time is instructive. The things which Abbott points to as being the trappings or hallmarks of litigation, motion practice, depositions, and many of the discovery techniques, they came into being in the 1930s. They did not exist at the time in 1861. Who presided over an interference proceeding in 1861? An examiner did, Your Honor. An examiner in the PTO presided over an interference proceeding, and that was recognized in part in this Court's decision in Ray Guyons in 1991. An examiner proceeded. In 1861, the conduct of litigation looked a lot like what we're talking about now in terms of the PTO proceeding. An adversary who has the opportunity throughout the course of the proceeding or the case to introduce argument and evidence. That's significant in the historical context. Now, counsel for the PTO mentioned that there's similarities between ex parte reexamination and enterprise reexaminations. That's simply not the case in terms of this feature of having a participant throughout the proceeding presenting the opposing view. Counsel for Abbott mentioned the possibility of the third-party requester in an ex parte reexamination having a second opportunity to put in some comments. As counsel undoubtedly knows, however, that's only if the patent owner puts in a statement. It's also the case that in the exceedingly small number of percentage of cases, does a patent owner do that? In the vast majority of cases, the patent owner, for strategic reasons, doesn't put in that statement and freezes out the third-party requester, such that an ex parte reexamination is not contested through the participation of an adversary in the way that an enterprise reexamination is. There was also a comment made about how enterprise reexamination is modeled after ex parte reexamination and it's important to look at the statutory difference. It's perhaps a semantic one, but Congress was careful about its semantics. If you take a look at the statute for ex parte reexamination, the participants in an ex parte reexamination are not referred to as parties. In section 303B, for example, there's a reference to the person requesting reexamination. That stands in contrast with section 314B1, which refers to documents being filed by either party, either the patent owner or the third party, being served on the other party. The semantic difference is important. They're parties to an adversarial proceeding in which each of them has the opportunity throughout, and not just in an exceedingly small number of instances as in an ex parte reexamination, but throughout, to present a contrary view of the case along with additional evidence. Thank you. Unless there's further questions from the Court? Thank you, Mr. Lucci. I think that concludes this proceeding.